skin over the ulcer and which, one of the doctors stated did not represent healing. Two of the other doctors testified the ulcer was fully healed. There was medical testimony that the best procedure for correcting the condition was to have a ligation, stripping of the varicosities of the left leg. The only issue concerns the medical testimony. The accident happened on July 29, 1956 and as a result of the pre-existing varicose veins, an ulcer developed. There was a gradual healing of the condition but the claimant suffered from new conditions which continued, swelling, pain, inability to walk more than two to three blocks, inability to stand for any long period of time, all of which conditions were not present before the accident. One of the doctors testified that as of January 15, 1958 he was disabled and another testified that as of October 7, 1958 he was partially disabled. Both of these doctors recommended surgical ligation and stated the condition from which he suffered was causally related to the accident. The carrier's doctor testified that there was a remote possibility of such relationship and that the accident and the pre-existing condition produced the complaints. While there was some conflict of medical testimony as to the causal relationship and sequela, the record definitely established that the claimant, while afflicted with varicose veins, had worked regularly and had no previous trouble but almost immediately following the accident, the ulcer developed; that while it healed partially or completely, he still continued to suffer pain and swelling, was unable to stand for any long period or do any extensive walking and that he was either permanently or partially disabled more than two years subsequent to the accident. There was medical testimony that the best method of treatment for the condition existing was by surgical ligation and we are satisfied that when the board made a finding in favor of the claimant, there was substantial evidence to support its determination. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.

■ (A) In the Matter of the Claim of JULIUS SAVINO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (B) In the Matter of the Claim of MARGARET SMYTH, Appellant. TREADWAY INNS, INC., Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (C) In the Matter of the Claim of JURIJ RENKO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (D) In the Matter of the Claim of HERBERT ADLER, Appellant. MARTIN P. CATERWOOD, as Industrial Commissioner, Respondent. (E) In the Matter of the Claim of JOSEPH BIASKO, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (F) In the Matter of the Claim of LOUIS POLICHETTE, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (G) In the Matter of the Claim of THEODOSIA SALLEY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (H) In the Matter of the Claim of PLES JENKINS, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (I) In the Matter of the Claim of MARJORIE ELLSWORTH, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (J) In the Matter of the Claim of LEON PATTERSON, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeals dismissed, without costs, unless appellants shall file and serve records, briefs and notes of issue on or before April 3, 1961, and are ready for argument at the term to commence May 15, 1961, in which events motions denied.

■ (A) In the Matter of GUSDORE CORPORATION, Appellant, v. JAMES C. ALLEN et al., Respondents. (B) BRUNO TAMBORIN, Respondent, v. JOHN BORDI, Appellant. (2 Actions.) (C) NATIONAL BANK AND TRUST COMPANY OF NORWICH, Respondent, v. MORRIS NEWMARK, Appellant, et al., Defendants. (D) NATIONAL BANK AND TRUST COMPANY OF NORWICH, Respondent, v. DAVID

MAYDOLE TOOL CORPORATION, Appellant. (E) MORRIS NEWMARK, as Trustee, Appellant, v. NATIONAL BANK AND TRUST COMPANY OF NORWICH et al., Respondents, et al., Defendants. (F) RUTH H. PARISH, Appellant, v. PAUL H. KRUSHER et al., Respondents. (G) In the Matter of the Probate of the Will of HERBERT A. ALLEN, SR., Deceased. ALFRED J. JUKES, Respondent; WILLIAM E. ALLEN et al., Appellants. (H) In the Matter of the Final Accounting of KINGSTON TRUST COMPANY, as Surviving Trustee under the Will of ANNA F. CLEARWATER, Deceased. (I) MARILYN V. ROBINSON, as Administratrix, Respondent, v. CITY OF ALBANY et al., Appellants. (J) In the Matter of the Claim of HARRY BRENNER, Appellant, v. UTILITIES LAUNDRY, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (K) JOHN A. HOYT, JR., Respondent, v. AARON GREEN et al., Appellants. (L) CLIFFORD DURHAM et al., Administrators, Respondents, v. LEO T. MELLY et al., Appellants. (M) EMELIA TRINIDAD, Appellant, v. ERCOLE GIGLIOTTI et al., Respondents. (N) In the Matter of the Claim of SAM AMENDOLIA, Respondent, v. HILLS BROTHERS COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. (O) In the Matter of JOHN KLEIN. BENEDICT J. RANK, as Executor of GERTRUDE RANK, Deceased.— Appeals dismissed, without costs, unless appellants shall file and serve records, briefs and notes of issue on or before April 17, 1961 and are ready for argument at the term to commence May 15, 1961, in which event motions denied.

■ (A) In the Matter of the Claim of CATHERINE JADLOWSKI, Appellant, v. JOHN V. O'CONNELL et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (B) SANTIAGO RADAMES, Respondent, v. WILLIAM RESTALL, Appellant. (C) SEYMOUR KANTROWITZ, Respondent, v. HARRY MASSON et al., Defendants, and HARRY MASSON, Appellant. (D) In the Matter of EUGENE H. McDONOUGH, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (E) ALSTON D. WILES, Appellant, v. FLOWER CITY BUILDERS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. (F) In the Matter of the Claim of IRVING B. BLOCK, Respondent, v. NEPTUNE RAINCOAT COMPANY, INC., et al., Respondents, and HOME LIFE INSURANCE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Motions to dismiss appeals granted, by default, without costs.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARLUS BRADY VANCE, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. (B) THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLARD JACKSON, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. (C) THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS CUOMO, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. (D) In the Matter of the Claim of MARY TANKSLEY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent. (E) THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLARENCE SPRUILL, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. (F) THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERNARD BURLEY, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Permission to prosecute appeals as poor persons granted. Appeals may be perfected upon one typewritten copy of the records and five typewritten copies of the briefs. Motions in all other respects denied.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLAUDE POOLE, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent. — Motion for reargument denied.

■ TROY OPERATING CO. INC., Respondent, v. STEPHEN P. VINCIGUERRA et al., Appellants.— Motion for reargument denied, without costs.